IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SARA BA,

        Plaintiff,

v.

**SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS,**

        Defendant.

No. 3:21-cv-00720-MO

OPINION AND ORDER

**MOSMAN, J.,**

This case comes before me on Plaintiff's Motion to Compel Discovery [ECF 37] and Motion for Discovery Sanctions [ECF 36] and Defendant's Motion for Discovery Sanctions [ECF 42]. For the following reasons, I DENY Plaintiff's Motions, GRANT Defendant's Motion for Discovery Sanctions, and, as a result, DISMISS this case with prejudice. In the alternative, I find Plaintiff's claims to be barred by res judicata.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) allows parties to be sanctioned—up to, and including dismissal of a case, *see* (v)—for failing to obey a discovery order. A party must act with "willfulness, bad faith, or fault" and display "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). While public

1 – OPINION AND ORDER

policy favoring disposal of cases on their merits counsels against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with . . . discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Res judicata bars successive claims when an earlier suit (1) involved the same claim or cause of action as a later suit, (2) reached a final judgment on the merits, and (3) involved identical parties. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Courts determine if suits involve the same claim or cause of action by looking at four sub-factors, but the most important of these is whether the two suits arise out of the same transactional nucleus of facts. *Id.* "[T]he common nucleus criterion" is "often . . . outcome determinative under the first res judicata element." *Id.* at 988. The second element, a final judgment on the merits, "is satisfied by a summary judgment dismissal." *Id.*

## DISCUSSION

### A. Discovery Sanctions

Although Plaintiff's arguments in his Motion to Compel Discovery [ECF 37] and Motion for Discovery Sanctions [ECF 36] are not entirely clear, Plaintiff appears to allege that Defendant's objections to several of Plaintiff's discovery requests were impermissible. Mot. for Disc. Sanctions [ECF 36] at 1. Plaintiff seeks to compel these materials, *id.*, and additional ones, Mot. to Compel [ECF 37]. Plaintiff also seeks to have excluded all of Plaintiff's medical records as a sanction for Defendant's alleged failure to communicate with him about a protective order for these records, which Defendant subpoenaed. Mot. for Disc. Sanctions [ECF 36] at 3.

Defendant responds to these motions by stating that Plaintiff does not explain why the additional discovery is relevant, necessary, or will lead to admissible evidence. Resp. to Pl.'s Disc. Mots. [ECF 38] at 4. Moreover, in response to Plaintiff's statements that the Government has not

2 – OPINION AND ORDER

responded to his requests, Defendant points out that it has already produced 4,312 pages of materials. *Id.* at 3. As to Plaintiff's request for sanctions, Defendant shows that each of the reasons Plaintiff gives—allegedly not producing discovery and failing to seek a protective order jointly—do not merit the imposition of sanctions. *Id.* at 5–6.

In contrast to Plaintiff's arguments, Defendant clearly shows why sanctions are merited here against Plaintiff. Plaintiff has refused to confer with Defendant as to key discovery issues throughout this action. Def.'s Mot. for Disc. Sanctions [ECF 42] at 4. He also refused to answer or gave non-responsive answers to questions in over ten hours of deposition over two days—including after I ordered him to answer and told him his case could be dismissed if he continued to refuse to answer. *Id.* at 4–5. Plaintiff continued to refuse to answer.

These willful actions on the part of Plaintiff constitute disobedient conduct that is fully within Plaintiff's control. Plaintiff has consistently shown that he will not play by the rules of the game, so to speak. Further evidence of this is Plaintiff's filing of an unsigned response to Defendant's Motion for Sanctions—in violation of Federal Rule of Civil Procedure 11(a)—that does not address the issues that Defendant raised. Pl.'s Resp. to Mot. for Sanctions [ECF 44] at 25. While dismissal of an entire case is a severe sanction, Plaintiff's repeated failure to comply with discovery obligations demonstrates that this matter "cannot move forward toward resolution on the merits" and therefore warrants full dismissal. *In re PPA*, 460 F.3d at 1228.

## B. Res Judicata

In the alternative, Plaintiff's action warrants dismissal because his claims are barred by the doctrine of res judicata. In 2018, Plaintiff brought a suit alleging the same facts as alleged here and claiming he was discriminated against when he applied for future jobs with the Department of Homeland Security ("DHS") "in retaliation for plaintiff's complaint filed when his position at

3 – OPINION AND ORDER

[United States Citizenship and Immigration Services ("USCIS")] was terminated." First Am. Compl. [ECF 16], Case No. 18-1683 (Dec. 18, 2018) ¶ 25. In the 2018 case, Plaintiff alleged that he "was the only black male employee, and the only foreign-born employee, in the Portland USCIS office" and that "[s]hortly before his termination, certain USCIS supervisors began to treat Mr. Ba differently than other employees and harassing him" including being followed by law enforcement and having his house searched for weapons. *Id.* ¶ 12. Prior to this, Plaintiff claimed he had a very strong employment record and was well-liked. *Id.* ¶¶ 7–11. As in this case, Plaintiff sued the DHS Secretary in his prior action; that case was disposed of at summary judgment. *See* [ECF 118, 120], Case No. 18-1683 (summary judgment dismissal and judgment).

Because the prior case involved identical parties and was dismissed at summary judgment, this case is barred by res judicata if it involves the same claim or cause of action—if it arises out of the same transactional nucleus of facts—as the prior suit. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Mpoyo*, 430 F.3d at 987. Although the complaint in this case does not discuss Plaintiff's applications for other positions with DHS, it contains the same allegations of discrimination and retaliation by Defendant against Plaintiff while he worked at the Portland Field Office, including harassment by law enforcement, the alleged search of Plaintiff's house, Plaintiff's strong work record, and discrimination and harassment by some of Plaintiff's supervisors before termination. *See, e.g.*, Second Am. Compl. [ECF 12] ¶¶ 7, 8, 16, 17, 21. Though there are some non-overlapping factual questions, nearly all of the allegations are identical and require similar proof. As such, "[b]ecause both sets of [plaintiff's] claims arise from [defendant's] conduct while [plaintiff] was an employee and specifically from the events leading to his termination, his claims relate to the same set of facts." *Mpoyo*, 430 F.3d at 987. Therefore,

4 – OPINION AND ORDER

in the alternative to Plaintiff's claims warranting the sanction of dismissal due to his conduct during discovery, they are barred by res judicata.

## CONCLUSION

I DENY Plaintiff's Motion to Compel Discovery [ECF 37] and Motion for Discovery Sanctions [ECF 36], GRANT Defendant's Motion for Discovery Sanctions [ECF 42], and DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this 12 day of October, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge

5 – OPINION AND ORDER